```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

GEORGE WYATT Jr.                  §
(Dallas County # 12081877)        §
                                  §
VS.                               §   CIVIL NO.4:13-CV-177-Y(BJ)
                                  §
DALLAS COUNTY                     §
SHERIFF'S DEPARTMENT, et al.      §
```

ORDER DENYING MOTION FOR COUNSEL,
ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION,
FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING IN FORMA PAUPERIS,
ORDERING PLAINTIFF TO PAY A FULL FILING FEE and,
DIRECTING CLERK TO NOT FILE ANY PAPERS SUBMITTED SOILED OR MOIST
(With special instructions to the clerk of Court)

This civil action was initiated by the filing of a civil complaint by Dallas County inmate George Wyatt Jr. On March 21, 2013, the magistrate judge entered a findings, conclusions, and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. § 1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), and had not claimed in this case that he was under imminent danger of serous physical injury.[1] The report also recommended that Plaintiff be required to pay the full filing fee. The Court has made an independent review of the following matters in the above-styled and numbered cause:

1.  The pleadings and record;

2.  The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 21, 2013; and

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

> 3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge.[2]

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge, Plaintiff's objections must be overruled, Plaintiff is not entitled to proceed in forma pauperis, and must pay the filing fee. As such, the motion for leave to proceed in forma pauperis will be denied.

Wyatt has filed a motion for appointment of counsel. Until the fee issues are resolved there is no basis for appointment of counsel. Thus, the motion will be denied.

The Court notes that since the filing of the magistrate judge's report, Wyatt has repeatedly filed numerous papers with the clerk of Court. The Court has been informed by the clerk of Court that many of the original documents submitted by plaintiff Wyatt for filing, are soiled or moist. There is no basis for this inappropriate submission of papers, and thus the clerk of Court will be directed to immediately dispose of any papers that are presented for filing in such condition.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

The motion for leave to proceed in forma pauperis (doc.10) is DENIED.

---

[2] Although Wyatt has not filed a document labeled as "written objections," on numerous instances since the entry of the magistrate judge's report, he has filed papers which included copies of his inmate trust account, including two documents filed on March 26 (docs. 14 and 15), and documents filed on April 5 and 8 (docs. 19 and 20). The Court will construe these, in part, as objections.

2

The motion for appointment of counsel (doc. 19) is DENIED.

Plaintiff George Wyatt Jr. (Dallas County # 12081877) is not entitled to proceed *in forma pauperis* in this action. If plaintiff Wyatt wishes to proceed with this action, he must pay to the clerk of Court the full filing fee of $350.00 within seven (7) days of the date of this order. Wyatt is warned that failure to timely pay the full filing fee to the clerk of Court could result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).[3]

The clerk of Court is directed that if plaintiff Wyatt submits any paper for filing that is soiled or moist upon receipt, the paper shall be disposed of without filing, and the clerk shall make a simple notation on the docket that the item was rejected per this Order.

Signed April 17, 2013.

　　　　　　　　　　　　　　　　　　/s/ Terry R. Means
　　　　　　　　　　　　　　　　　　TERRY R. MEANS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] *See Hickerson v. Christian*, 283 Fed. Appx. 251 (June 24, 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also* Link v. Wabash R. Co., 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).